UNITED STATES *v.* GEO. S. BUSH & Co., INC. ET AL. (No. 4564)[1]

United States Court of Customs and Patent Appeals, January 27, 1948

---

[1] C. A. D. 381.

*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

*Lawrence, Tuttle & Harper* (*Frank L. Lawrence* and *George R. Tuttle* of counsel) for appellees.

[Oral argument December 2, 1947, by Mr. Donohue and Mr. George R. Tuttle]

Before GARRETT, Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges

JACKSON, Judge delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, sustaining 12 protests of appellees in accordance with its decision, Abstract 51351.

The suits were consolidated for trial on the issue raised by the claims in the protests directed against the action of the Collector of Customs at the port of Seattle in assessing duty on imported ground seaweed at the rate of 10 per centum ad valorem, pursuant to paragraph 1540 of the Tariff Act of 1930 as seaweeds, manufactured. The protests claimed the merchandise to be properly free of duty as "Kelp" under paragraph 1705 of the act.

Appellees relied upon our decision in the case of *Centennial Flouring Mills Co. et al. v. United States*, 29 C. C. P. A. (Customs) 264, C. A. D. 200. In that case we held that kelp, whether crude or manufactured, so long as it remained kelp, was properly classified under the free paragraph.

The issue here in all material respects is the same as that appearing in the cases of *United States v. Albers Bros. Milling Co. et al.*, 35 C. C. P. A. (Customs) 119, C. A. D. 380, and *United States v. California Milk Producers Assn. et al.*, 35 C. C. P. A. (Customs) 126, C. A. D. 382, decided concurrently herewith.

The imported merchandise is ground seaweed and was described on the invoices as "kelp meal," "kelp scrap" and "seaweed (kelp) meal."

The deputy collector in charge of the liquidating division for the customs district of Washington testified that the collector's office did not consider what type of seaweed the imported merchandise was, and made no finding as to whether or not it was of the variety known as kelp.

The trial court held that, because of the testimony of the deputy collector, the presumption of correctness ordinarily attaching to the collector's classification fell, and that, since the description on the invoices, as aforesaid, was not combated by the said presumption, they possessed sufficient evidentiary value to warrant judgment in favor of the appellees.

In all of the involved protests, with the exception of No. 794475–G and No. 941620–G, the imported merchandise was described in both

the timely reports of the collector and in the appraiser's answers as "kelp meal." In those two protests the appraiser in his answer stated that the manufactured seaweed is "kelp meal." Since the said answers described the merchandise as kelp meal, it seems to us that, in adopting the advisory classification contained in the appraiser's answers, the collector also classified the merchandise as a manufactured seaweed of the kelp variety. Therefore, there is no conflict between the classification claimed by appellees and the classification made by the customs officials.

In view of the record, it is clear that the customs officials regarded the imported merchandise as kelp meal, and because their actions on the involved protests antedated our decision in the case of *Centennial Flouring Mills Co.*, *supra*, wherein it was held for the first time that kelp, in any form, so long as it remains kelp, is free of duty, they followed their customary practice of classifying kelp, if ground or otherwise manufactured, under paragraph 1540 at the rate of 10 per centum ad valorem.

Since both the appraiser and the collector considered the imported seaweed to be kelp meal, and since there can be no question but that kelp meal is a form of kelp, our decision in the case of *Centennial Flouring Mills Co.* is controlling here.

For the reasons herein stated, the judgment of the United States Customs Court is *affirmed.*